# United States Court of Appeals
## for the Fifth Circuit

―――――――――――

No. 25-40744
Summary Calendar

―――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2026

Lyle W. Cayce
Clerk

Larry Dean Luna,

*Plaintiff—Appellant*,

*versus*

Veronica Granadas; Rhonda Williams, *RN Nurse, Victoria County Jail Medical Department*; Katrina Lawson; Robin DeLeon; Gayle Brumbelow; Machac Madison; Kourtney Roberts; Ashley Black, *Nurse, Victoria County Jail Medical Department*; Victoria County, Texas; Rhonda Ullman, *Nurse*; FNU Manchac, *Nurse*,

*Defendants—Appellees*.

―――――――――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:21-CV-17

―――――――――――――――――――――――――――――

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40744

Larry Dean Luna, Texas prisoner # 2349930, filed a 42 U.S.C. § 1983 action, alleging deliberate indifference to his medical needs. The district court dismissed the action with prejudice, and Luna's ensuing appeal of that judgment was dismissed for want of prosecution. More than a year later, Luna moved the district court to reopen his § 1983 proceedings. The district court denied the motion, and Luna filed a notice of appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Insofar as the operative notice of appeal evinces Luna's intent to challenge the dismissal of his § 1983 action, it was filed untimely, thereby divesting us of appellate jurisdiction over the denial of § 1983 relief. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19-20 (2017); 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

Moreover, although the notice of appeal was filed within 30 days of the denial of Luna's motion to reopen, even liberally construed, *see Smith v. Barry*, 502 U.S. 244, 248 (1992), that document fails to "designate the [denial of the motion to reopen]" as the ruling "from which the appeal is taken," Fed. R. App. P. 3(c)(1)(B); *see Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010). As a result, there is no effective notice of appeal from the denial of Luna's motion to reopen, and we lack jurisdiction to review that ruling. *See Smith*, 502 U.S. at 248.

The appeal is DISMISSED for lack of jurisdiction.

2